## MENA *vs.* LE ROY *et al.*

Alcaldes in the departments of California, New Mexico, and Tabasco, were empowered to perform the functions of judges of First Instance in those districts where there were no judges of First Instance; and the Alcalde of San Francisco had the jurisdiction and powers of a judge of First Instance previous to the appointment of such officer.

APPEAL from the court of First Instance for the district of San Francisco. The only question of importance presented by the case was as to the jurisdiction and powers of Alcaldes. The cause was twice argued. On the first argument the papers returned to this court were of the most loose and unsatisfactory character, and on this account principally, the cause was remanded for a new trial. A motion was thereupon made for a re-hearing; the court being furnished with another return from the clerk of the court below, containing many papers not included in the first return. The facts of the case are sufficiently stated in the two opinions of the court. The cause was argued by

*Horace Hawes,* for plaintiff.

Mena v. Le Roy.

*R. A. Wilson,* for defendants.

*By the Court,* BENNETT, J. It appears from the papers in this case that some kind of a proceeding, either by way of *conciliacion* or in the nature of a formal suit, was instituted by the plaintiff Mena against the " master and owners of the ship " *Rolland,*" on the 20th day of June, 1849, before the Alcalde of San Francisco. Three persons were appointed as a jury or as arbitrators to try the cause, who rendered their verdict or award in favor of the plaintiff for $1000, against the " ship " *Rolland* and owners," upon which judgment was rendered by the Alcalde on the 22d day of June. For what the action was brought nowhere appears, nor does it appear that there were any pleadings in the cause on either side. On the 22d day of June, a citation was issued directed to Victor Le Roy, requiring him to show cause why he should not pay " out of " the freight of the ship *Rolland* a certain debt of $1000 of " sentence of court." Le Roy appeared in pursuance of this citation, and on the same day " was discharged from liability," and the plaintiff required to pay the costs. It does not appear in whose favor or upon what ground this proceeding was commenced against Le Roy, or for what reason he was " discharged " from liability."

On the 30th day of June, another citation was issued, directed to Victor Le Roy, Henry Raymond and Alfred Price or Perri, commanding them to show cause on the 2d day of July why they should not pay the above-mentioned judgment against the master and owners of the ship *Rolland,* and of the proceeds of the freight of that ship. This process was served, as appears from the return of the sheriff, " by delivering to the said *Victor* " *Le Roy* a true and attested copy of the same."

It appears that there was some kind of a trial before the Alcalde on the 2d day of July, upon the conclusion of which he rendered a judgment in the following words : " It appearing " that defendant had received $3400 freight of ship *Rolland,* " and had paid the captain or master $2040, part of it since " the date of the receipts, but the lien of the shippers attaching

" upon delivery on board and receipt for cargo ; it is ordered
" that consignees in default of ship, and under the circumstances
" of the case, pay the judgment of $1000 and costs."

The receipts referred to in the above judgment are two re-
ceipts, the one, dated June 16, 1849, for 1440 *piasters* ; and the
other, dated May 30, 1849, for 1600 *piasters*, signed by the
master and acknowledging the receipt from Le Roy of the
respective sums therein mentioned.

On the 13th day of July, an execution was issued by the
Alcalde upon the above judgment against Le Roy, Raymond
and Perri, on which the sheriff returned that he had " levied
" on the lot on which Victor Le Roy's store is situated, fronting
" on Montgomery street, between Clay and Washington streets."

In this stage of the proceedings the cause appears to have
been transferred to another Alcalde, and by him, on the 10th
day of November, to the court of First Instance, from which
a citation was issued on the 22d day of January, 1850, which,
after reciting the judgment rendered by the Alcalde, required
Le Roy, Raymond and Perri " to show cause why execution
" should not be had of the above judgment." This citation
was served on Le Roy and Raymond, but not on Perri. On the
28th day of January, Le Roy appeared by his attorney, and on
the 7th day of February the court of First Instance, " on hear-
" ing proofs in the case," rendered judgment " against Victor
" Le Roy *et als*" for $1221,40. At the trial in the court of
First Instance, the plaintiff offered in evidence " the petition,
" judgment, and order extending the judgment to Victor Le
" Roy, consignee." Le Roy objected to the reading of them in
evidence on the ground that the order or judgment of the
Alcalde " was unjust, and contrary to the law and evidence,
" and that he was, on this trial, entitled to a trial *de novo* and
" to show and make his defense." The objection was overruled,
the court holding, " that if defendant could show payment or
" satisfaction, or that said judgment was obtained through fraud,
" he might do so," but that he " could not go behind the tran-
" script of said judgment." These are substantially the facts
of the case, so far as we can gather them from the loose and

disjointed fragments, which have been dignified with the name of a record. From the judgment of the court of First Instance this appeal is brought.

It is impossible to determine what the real merits of the cause were before the Alcalde, on account of the informal and irregular character of the proceedings; but so far as we have been able to get at them, we are forcibly impressed with the idea that the judgment was rendered under a mistaken notion both of law and of fact; of law, for we see nothing in the proceedings to show that there was any legal or equitable cause of action against the defendants; and of fact, because it appears that the Alcalde did not give the defendants a sufficient credit into $1000 for their payments to the master of the vessel. The receipts show a payment of $3040, and the Alcalde allowed only $2040. They bear date before the commencement of the proceedings against the defendants, and we see no reason to suppose that they were ante-dated.

The scraps of paper, which were transferred from one Alcalde to another until they finally found a resting place in the court of First Instance, are of a character too uncertain to be entitled to the binding force and effect of a final judgment, which shall preclude all inquiry into the validity of the plaintiff's original claim. The decision of the Alcalde was based upon no complaint, declaration or bill setting forth the plaintiff's cause of action, but merely upon the "circumstances of the case;" and, after a diligent examination, we can scarcely procure a glimpse of light into the nature of his demand. It would be difficult to say that such a decision could be pleaded in bar of an action against the defendants for any cause whatever—and if not, the court of First Instance should have allowed an inquiry into the original demand.

The case, upon the whole, seems to be one in which it would be proper for the court to exercise the power conferred on it by the act of Feb. 28, 1850, to grant a new trial where the record presents no "tangible point" for decision, with instructions to the district court to require the parties to form an issue upon

regular pleadings in the same manner as if the cause had been commenced in that court.

Ordered accordingly.

*By the Court*, on re-hearing, BENNETT, J. Our former judgment in this case was founded chiefly upon the ground that the papers, which had been furnished to the court, were insufficient to enable us to determine for what the suit was brought, or what was the defense, or on what ground the Alcalde rendered judgment. On the present argument, the papers which were wanting on the last, have been supplied. We have now before us a complaint setting forth a good cause of action, an answer to that, the record of a trial, and the evidence given on such trial which sustains the cause of action set forth in the complaint.

Until recently we had been unable to procure accurate knowledge respecting the jurisdiction of Alcaldes in civil suits. From the light which we had, we came to the conclusion that they had not jurisdiction over causes where the amount in controversy was more than a hundred dollars. This is, in truth, the extent of their jurisdiction under the decree of 1837, and forms, at the present time, the limit of their powers in most of the Departments of the Mexican republic. But by articles 26, 27, and 28, of a decree made on the 2d day of March, 1843, Alcaldes and justices of the peace in the Departments of California, New Mexico and Tabasco, were empowered to perform the functions of judges of First Instance in those districts in which there were no judges of First Instance. (*No.* 604 *of the Collection of Decrees of* 1842 *and* 1843.) At the time the judgment was rendered in this cause by the Alcalde, there was no judge of First Instance in the district of San Francisco, and, accordingly, under the decree above cited, the Alcalde had jurisdiction. The Alcalde having had jurisdiction over the cause, there does not appear to be anything in the action of the court of First Instance for which the judgment should be reversed. It is, therefore, affirmed.

Ordered accordingly.